

Hall, Render, Killian, Heath & Lyman, P.C.
330 East Kilbourn Avenue, Suite 1250
Milwaukee, WI  53202
https://www.hallrender.com

**T. James Junger**
(414) 721-0922
jjunger@hallrender.com

June 28, 2024

**Via E-mail to mimada@deloitte.com**

Marcy Imada
Managing Director
Deloitte & Touche LLP

RE: 340B Performance Audit of MaineGeneral Medical Center on Behalf of Johnson &
Johnson

Dear Ms. Imada:

MaineGeneral Health ("**MaineGeneral**") has engaged Hall Render to represent it in connection
with Johnson & Johnson's proposed audit of MaineGeneral Medical Center.

MaineGeneral was surprised to have received your request.  As you know, the controlling
Manufacturer Audit Standards require a manufacturer to "notify the covered entity in writing when
it believes the covered entity has violated the provisions of section 340B."[1]  We are not aware of
any such notification.  As a result, MaineGeneral declines your request to set up a call for the week
of June 24 and does not anticipate providing the materials you requested by July 5.  We are aware
that HRSA OPA's Director Britton confirmed in an e-mail dated June 26, 2024 that the agency
believes J&J met the thresholds identified in Agency guidance to pursue an audit.  However, since
we have submitted a formal request for reconsideration of the audit approval with the Agency, we
have advised MaineGeneral to await a determination from the Agency on that request prior to
proceeding with the audit.

MaineGeneral is a rural provider with limited resources available.  As such, it must efficiently
deploy its resources by prioritizing responses to inquiries such as these based on confirmation of
facts and compliance with applicable law.  If the audit is finally determined to have been
appropriately approved, MaineGeneral will of course willingly and collaboratively move forward
with the process.  You will note that we have copied Director Britton on this correspondence in
the interest of transparency.

While MaineGeneral supports a manufacturer's right to audit covered entity records directly
related to compliance with the duplicate discount and diversion prohibitions, manufacturers must
comply with HRSA OPA's procedures "relating to the number, duration, and scope of audits[.]"[2]

---

[1] 61 Fed. Reg. 65,406, 65,410 (Dec. 12, 1996).
[2] 42 U.S.C. § 256b(a)(5)(C).

Marcy Imada
June 28, 2024
Page 2

Those procedures direct covered entities and manufacturers to take at least 30 days "to attempt in good faith to resolve the matter."[3]  To our knowledge, this period has not yet started.

## Document Requests

To help confirm whether your request complies with applicable 340B Program standards, please send the materials listed below.  If you are not the appropriate person to provide any of these materials, please provide us with correct contact information as soon as possible.

1. A statement from Johnson & Johnson authorizing Deloitte to conduct an audit of MaineGeneral on its behalf.

2. A complete and accurate copy of the June 19, 2024 communication from HRSA OPA approving the proposed audit.

3. A complete and accurate copy of the audit work plan that Johnson & Johnson submitted to HRSA OPA.

4. A complete and accurate copy of the reasonable cause letter that Johnson & Johnson submitted to HRSA OPA.

5. Complete and accurate copies of all other communications between Johnson & Johnson or Deloitte and HRSA OPA related to this issue.

6. Complete and accurate copies of all communications between Johnson & Johnson  and MaineGeneral related to this issue, including, but not limited to, any communications in which Johnson & Johnson notified MaineGeneral that it believes MaineGeneral violated the provisions of section 340B.

If you decline to provide any of these materials, please identify the provision of the applicable *Government Auditing Standards* that supports your decision.

## Information Requests

If the proposed audit moves forward, MaineGeneral will require the following information prior to completing any document request:

1. Confirm whether the audit would be conducted pursuant to *Government Auditing Standards* 2018 Revision Technical Update April 2021 or *Government Auditing Standards* 2024 revision.

2. Confirm whether, consistent with the *Government Auditing Standards*, Deloitte would incorporate performance audit standards from any other authority, as permitted under §

---

[3] 61 Fed. Reg. at 65,410.

Marcy Imada
June 28, 2024
Page 3

       2.14 of the *Government Auditing Standards*, 2024 revision and § 2.15 of the *Government Auditing Standards* 2018 Revision Technical Update April 2021.

3.    Confirm that either Deloitte or Johnson & Johnson will reimburse MaineGeneral for the reasonable costs it incurs in responding to the audit.

4.    Identify the individual who will sign the performance audit report for Deloitte.

Please copy me on all future communications regarding the proposed audit.  We appreciate the opportunity to work with your firm.

       Cordially,

       Hall, Render, Killian, Heath & Lyman, P.C.

       T. James Junger

CC:

Dir. Chantelle Britton

Marci Alexander, Esq.

Jennifer A. Kent

Todd A. Nova, Esq.