

Hall, Render, Killian, Heath & Lyman, P.C.
330 East Kilbourn Avenue, Suite 1250
Milwaukee, WI 53202
https://www.hallrender.com

**Todd A. Nova**
(414) 721-0464
tnova@hallrender.com

June 28, 2024

<u>**VIA E-MAIL: Chantelle.Britton@hrsa.hhs.gov**</u>

Chantelle Britton
Director
HRSA Office of Pharmacy Affairs

RE: Reconsideration Request and Document Requests re HRSA's Approval of Johnson
& Johnson's Proposed Audits of Multiple Covered Entities

Dear Director Britton:

We are writing on behalf of the three 340B Covered Entities identified in the enclosed letters. Late last week, Deloitte & Touche, LLP ("**Deloitte**") notified each of these entities that HRSA OPA approved Johnson & Johnson Health Care Systems' ("**J&J**") request to audit them. Each Deloitte letter is dated June 20th, and each states that HRSA OPA approved J&J's audit request on June 19th. Deloitte's letters and information requests are also enclosed for your review.

We assume that Deloitte is correct in stating that HRSA OPA approved J&J's audit request, and that in doing so, it relied on a "reasonable cause letter and audit work plan" for each of these Covered Entities. Having reviewed the communications between J&J and each Covered Entity, we believe that HRSA's approval was improvidently granted, and we request that HRSA reconsider this decision.

In particular, we believe HRSA OPA erred by approving, or failing to deny, an audit request and work plan when J&J failed to provide any Covered Entity with a notification "in writing" stating its belief that the Covered Entity has violated sections of the 340B statute subject to manufacturer audit. We believe this is contrary to HRSA OPA's Congressionally-authorized manufacturer audit guidelines, is arbitrary and capricious, and an abuse of discretion. Per HRSA OPA's 1996 Manufacturer Audit Guidelines ("**Audit Guidelines**"), "audits should be performed only when there is reasonable cause for their performance."[1]   Therefore, before an audit is initiated, a manufacturer "shall notify the covered entity in writing when it believes the covered entity has violated the provisions of section 340B."[2]   This written notification triggers a period of "at least 30 days…[for the manufacturer and covered entity] to attempt in good faith to resolve the matter."[3]

---

[1] 61 Fed. Reg. 65,407 (Dec. 12, 1996)
[2] *Id.* at 65,406, 65,410.
[3] *Id.*

Director Chantelle Britton
June 28, 2024
Page 2

The good-faith engagement period is not a mere formality, but a crucial procedural safeguard and the sole basis for HRSA OPA's decision not to allow covered entities to respond to manufacturers' (procedurally proper) audit requests and workplans:

> *Comment:* A covered entity should be given an opportunity to respond to a manufacturer's request for an audit before the Department determines whether an audit may be performed and should be permitted to review a comment on the manufacturer's proposed audit workplan before it is approved by the Department.

> *Response:* The guidelines provide for a 30 day period before the manufacturer submits to the department an audit work plan in which the manufacturer and the covered entity must attempt in good faith to resolve the matter. When the manufacturer submits its audit work plan, it has already discussed the matter with the covered entity; therefore, we do not believe there is a need for the covered entity to comment on a manufacturer's submission of an audit workplan. The Department, at its discretion, may contact the covered entity as part of the review process of the proposed manufacturer's audit. Likewise, we do not believe that there is a need for the covered entity to review and comment on the manufacturer's proposed workplan once it has been reviewed by the Department.[4]

Thus, in addition to giving a covered entity and a manufacturer an opportunity to resolve any issues without an audit, should the parties fail to reach a resolution, the good-faith engagement period helps to ensure that audits are performed "with the least possible disruption to the covered entity" by allowing a covered entity and a manufacturer to work together to "voluntarily develop[] mutually beneficial audit procedures."[5]

Our understanding is that each of these Covered Entities responded to an apparently general request from J&J to discuss 340B Program compliance. We understand that during their meetings and correspondence with the Covered Entities, J&J asked questions, but provided no notice to any Covered Entity that it believed the Covered Entity violated either the prohibition on diversion or duplicate discounts. As a result, none of the Covered Entities is aware of specific allegations of noncompliance from J&J, nor have they been given any opportunity to resolve those allegations through good-faith engagement.

We are aware that J&J may be pursuing at least three other substantially similar audits. Given the nearly identical communications and document requests that Deloitte sent to each Covered Entity, it seems unlikely that J&J separately established "reasonable cause" as to the duplicate discount prohibition or the diversion prohibition with respect to each Covered Entity.

---

[4] *Id.* at 65,408.

[5] *Id.* at 65,406, 65,408.

Director Chantelle Britton
June 28, 2024
Page 3

HRSA OPA has a duty to apply its Congressionally-authorized and statutorily mandated Audit Guidelines.  If a manufacturer fails to demonstrate that it provided the required notice in writing and engaged in good faith for at least 30 days, HRSA OPA cannot, consistent with the Audit Guidelines, permit the audit to go forward.  Approving J&J's audit requests violated the plain language of the 340B Statute and the Audit Guidelines and was arbitrary and capricious.  Among other concerns, we note that J&J's audit requests require information not required in a formal HRSA OPA request.  For that and other reasons we believe the audit requests are improper and out of scope.  Furthermore, HRSA OPA abused its discretion by failing to "contact the covered entity as part of the review process of the proposed manufacturer's audit."[6]

Pending your response to this reconsideration request, we intend to advise our clients to refrain from providing responses to the audit information requests from J&J and their agent. Of course, if confirmed, they will comply fully with appropriate audit requests in a timely manner.

## Reconsideration Request

On behalf of each Covered Entity, we interpret HRSA OPA's decision to permit J&J to perform a manufacturer audit to be an agency action that will cause each Covered Entity immediate harm. We therefore request that you reconsider, and ultimately reverse, this decision to determine whether the official who approved the audits:

1.  Determined that J&J provided each Covered Entity with the written notification and 30-day "good-faith engagement" opportunity provided in the 1996 Manufacturer Guidelines;

2.  Determined that J&J met the "reasonable cause" standard established in the 1996 Manufacturer Guidelines with respect to each Covered Entity;

3.  Made that determination separately for suspected violations of the diversion and duplicate discount prohibitions for each Covered Entity; and

4.  Relied on adequate evidence in making the foregoing determinations.

If you approved these audits in your role as OPA Director, we respectfully request that the reconsideration be performed by an independent official who was not involved in the initial decision.

## Document Requests

We requested the below materials from Deloitte for each of the Covered Entities, and by this letter, we are requesting them from HRSA OPA, too.

1.  For each Covered Entity, please provide a complete and accurate copy of any communication from HRSA OPA approving the proposed audit.

---

[6] *Id.*

Director Chantelle Britton
June 28, 2024
Page 4

2. For each Covered Entity, please provide a complete and accurate copy of any audit work plan that Johnson & Johnson submitted to HRSA OPA.  This includes any work plans submitted directly by Johnson & Johnson or by Deloitte or another agent.

3. For each Covered Entity, please provide a complete and accurate copy of any reasonable cause letter that Johnson & Johnson submitted to HRSA OPA.  This includes any reasonable cause letters submitted directly by Johnson & Johnson or by Deloitte or another agent.

4. For each Covered Entity, please provide complete and accurate copies of all other communications between Johnson & Johnson or Deloitte and HRSA OPA related to this issue.

5. For each Covered Entity, and to the extent they are in HRSA OPA's possession, please provide complete and accurate copies of all communications between Johnson & Johnson and each Covered Entity related to this issue, including but not limited to any communications in which Johnson & Johnson notified the Covered Entity that it believed that the Covered Entity violated the provisions of section 340B.

We believe that each Covered Entity is entitled to these documents as a matter of course.  J&J failed to provide them with the required written notification and good-faith engagement period, which was HRSA OPA's sole basis justifying the *ex parte* process provided in the Audit Guidelines. However, if you interpret this as a request pursuant to the Freedom of Information Act, we request expedited processing.  We also assert that by their nature, the materials cannot include information exempt from disclosure under FOIA Exemption 4, which covers only trade secrets and confidential commercial information.  As HHS has stated before, a manufacturer's legal position such as its interpretation of what the 340B Statute requires or prohibits "is neither."[7]  To the extent that J&J submitted information purportedly related to any Covered Entity's 340B purchase history, it is likely that the original source of that information is the Covered Entity itself, and J&J would have no reasonable basis on which to claim such information is confidential.  We will pay any charges associated with producing these records.

We would appreciate any opportunity to discuss this matter or provide you with further information.

---

[7] Letter from HHS General Counsel Robert P. Charrow to Eli Lilly Senior Vice President and General Counsel Anat Hakim, p. 2 (Sept. 21, 2020), available at https://tinyurl.com/5dd265dm.

Director Chantelle Britton
June 28, 2024
Page 5

Sincerely,

Hall, Render, Killian, Heath & Lyman, P.C.

Todd A. Nova

cc:     James Junger, Esq.

Brandon Helms, Esq.

Heather Mogden, Esq.

Enclosures

# Deloitte.

Deloitte & Touche LLP
350 South Grand Avenue
Suite 200
Los Angeles, CA 90071-3462
USA

Tel: (213) 553-1642
Fax: (213) 673-6082
www.deloitte.com

June 20, 2024

Jennifer A Kent, 340B Coordinator, and Primary Contact [1]
MaineGeneral Medical Center
35 Medical Center Parkway
Augusta, ME 04330
340B ID: DSH200039
LETTER SENT VIA EMAIL: jennifer.kent@mainegeneral.org

***Re: 340B Performance Audit of MaineGeneral Medical Center on behalf of Johnson & Johnson***

Dear Jennifer:

On June 19, 2024, the Health Resources and Services Administration ("HRSA") Office of Pharmacy Affairs ("OPA") approved Johnson & Johnson Health Care Systems Inc.'s ("J&J's") request to audit Maine General Medical Center ("MGMC"), based on the reasonable cause letter and audit work plan submitted to HRSA. J&J has engaged Deloitte and Touche LLP ("Deloitte & Touche") as an independent audit organization to conduct the audit ("340B Performance Audit").

Objective & Scope

The objective of the audit is to determine the MGMC's compliance with Section 340B(a)(5)(A) and (B) of the Public Health Service Act ("PHSA"), from March 01, 2023 – March 31, 2024 for the following J&J Products:

- STELARA 45 MG/0.5 ML ULTRASAFE PFS (57894-0060-03)
- STELARA 45 MG/VIAL 24 CT (57894-0060-02)
- STELARA 90 MG/1.0 ML ULTRASAFE PFS (57894-0061-03)
- STELARA IV 1X130MG VIAL USA (57894-0054-27)
- TREMFYA 1X100MG ONE PR. USA (57894-0640-11)
- TREMFYA 1X100MG USAFEPL USA (57894-0640-01)

The objectives of the approved 340B Performance Audit Work Plan are to:

- Gain an understanding of the MGMC's policies, procedures, operations and internal controls to mitigate the risk of product diversion.
- Obtain and assess various procurement, inventory, distribution, dispensing, replenishment, and billing records to determine whether the MGMC was and remains in compliance with section 340B(a)(5)(B) of the Public Health Service Act related to product diversion for the in-scope audit period.
- Gain an understanding of the MGMC's operations and procedures to mitigate the risk of manufacturer duplicate discounts and impact of entity's decision to carve out or carve in Medicaid prescriptions and the related impact on inventory monitoring.

---

[1] As noted on the Office of Pharmacy Affairs Information System ("OPAIS")

1

- Obtain and assess records for 340B and Medicaid activity, including purchasing, inventory, and dispense data to determine if the MGMC was in compliance with section 340B(a)(5)(A) of the Public Health Service Act related to non-provision of duplicate discounts for the in-scope audit period.
- Communicate results in a formal report.

Data and Documentation Request List ("DRL")

In order to facilitate the 340B Performance Audit we have prepared – and attached – an initial DRL, which lists the documentation necessary in order to execute our audit procedures. Please note that additional information may be requested based on our initial review of DRL items, following sample selection, and throughout the audit.

Any and all requested DRL items that are available and able to be provided before the start of our field work will expedite the 340B Performance Audit and may potentially decrease the number of days required from MGMC. Please provide the requested DRL items by July 5, 2024.

Fieldwork

Our fieldwork will be completed virtually and include interviews of MGMC's 340B stakeholders and walkthroughs of applicable 340B processes. We are targeting the fieldwork to begin the week of July 8, 2024 and are committed to limiting interruptions to MGMC's operations to the extent possible. Additionally, we have controls in place to ensure privacy requirements are upheld throughout the 340B Performance Audit.

Upon completing the 340B Performance Audit, Deloitte & Touche will prepare a draft audit report communicating the results to J&J. J&J will be responsible for submitting the draft audit report to MGMC, and MGMC will have an opportunity to provide a response to the report within 30 days of receipt. Upon receipt of the response from MGMC, Deloitte & Touche reserves the right to incorporate this response into the draft report, making any final updates, as needed. J&J will submit copies of the 340B Performance Audit report to HRSA and the Office of Inspector General.

Immediate Next Steps

We would like to schedule a call with you for the week of June 24, 2024 to identify the appropriate MGMC point of contact for the 340B Performance Audit, confirm your understanding of our DRL, answer any questions or concerns that you might have, and discuss timeline and logistics. Please contact me at mimada@deloitte.com at your earliest convenience to confirm receipt of audit notification and to schedule this call.

We look forward to working with you on the 340B Performance Audit and thank you in advance for your time and participation.

Sincerely,

Marcy Imada

Marcy Imada
Managing Director, Deloitte & Touche LLP

2

**Initial Documentation and Data Request List ("DRL")**

This is the initial documentation and data request list for the 340B Performance Audit. As fieldwork progresses and samples are selected, there may be supplemental documents and data requested. We ask that you provide all documents and data via Deloitte Connect, a secure and efficient platform, for managing our DRL. Following is a link to our user demo video: Deloitte Connect User Video

Please email Abel Haile at abhaile@deloitte.com with a list of contacts from your organization for whom access needs to be provided to Deloitte Connect. Once we receive this information, we will add each user to the Deloitte Connect page and an automated email will be sent, to each user, with instructions to create a username and password credentials. After completing the necessary steps, each user will be able to access Deloitte Connect and start using it for document/data provision. **Please provide the requested DRL items by July 5, 2024.**

| Request Category | Request Area | Request Description |
|---|---|---|
| **340B Program Overview** | Policies and Procedures<br><br>**Note:** Provide all versions of the policy that were effective within the audit period | Documentation related to existing 340B policies and procedures, including:<br>• Definition of "eligible site", process of determining what sites are eligible and list of 340B drug dispensing locations<br>• Definition of "eligible patient"<br>• Definition of "eligible provider" and medical staff relationships<br>• Mechanism to prevent diversion and duplicate discounts at CE, off-site facilities, and retail / contract pharmacy dispenses<br>• Medicaid billing requirements & carve-in / out status (by state)<br>• Process for ensuring that the 340B OPAIS record is up to date/accurate for the parent, applicable off-site outpatient facilities and contract pharmacies<br>• Process for procuring, distributing, and billing 340B drugs (including purchases made outside 340B software, borrow and loan processes, as applicable)<br>• Processes to manage 340B physical and / or virtual inventory (including applicable 340B software maintenance activities)<br>• Processes designed to prevent non-compliance with 340B Program requirements and guidelines, specifically as it relates to diversion and duplicate discount compliance (including monitoring activities utilized to detect non-compliance of diversion and duplicate discount)<br>• Processes to prevent the resale or transfer of drugs to a person that is not a patient of the CE (*i.e.*, diversion) and contract pharmacy processes to confirm the following:<br>    ○ Patient eligibility (including status change)<br>    ○ Site eligibility location<br>    ○ Referral / responsibility of care remained with CE<br>    ○ Medical / patient health record |

| Request Category | Request Area | Request Description |
|---|---|---|
| | |   o Provider eligibility (relationship)<br>  o Service in the scope of grant (if applicable/non-hospital)<br>  o Documenting and accounting for wastage of a drug not administered<br>• When and how CE would self-disclose and CE's definition of noncompliance material breach<br>• CE's process for conducting oversight of its contract pharmacy(ies), including Internal audits and independent audits |
| **340B Personnel** | 340B Personnel Names and Contact Information | Personnel involved in 340B activities, to participate in audit interviews and process walkthroughs including, but not limited to, the following (as applicable):<br>• Roles identified in 340B Enrollment (i.e., Authorizing Official, Primary Contact, Grant Manager, etc.)<br>• 340B Point of Contact (e.g., Pharmacy Director)<br>• Systems Owners (e.g., split-billing software)<br>• Individuals involved in patient intake/handling/processing, purchasing, dispensing, or billing of applicable drugs<br>• Individuals with relevant clinical and admissions responsibilities, for example:<br>• Hospital Admissions Personnel |
| **340B Oversight** | Independent Audits and Corrective Action Plans ("CAP"), as applicable | If independent audit(s) are performed – to evaluate for 340B diversion and compliance with the prohibition of duplicate discounts – provide:<br>• documentation of the methodology applied<br>• any corrective action related to the NDC-11s and time period subject to this manufacturer audit. |
| **340B Oversight** | Communications with State Medicaid Agencies | Communications with state Medicaid Agencies related to Medicaid billing, including potential duplicate discounts CAPs |
| **340B Oversight** | Internal Monitoring Activities and CAPs, as applicable | If internal monitoring activities are performed - to evaluate for 340B diversion and compliance with the prohibition of duplicate discounts - provide:<br>• documentation of the methodology applied<br>• any corrective action related to the NDC-11s and time period subject to this manufacturer audit. |
| **340B Agreements** | TPA Agreement | Current contract in place with 340B TPA (*i.e.*, software vendor used for 340B operations)<br><br>**Note:** Proprietary business-related information within the contract not related to the prevention of diversion and/or duplicate discounts may be redacted by CE. |
| **340B Agreements** | Pharmacy Service Agreements ("PSA") | A listing of contract pharmacies utilized, and the current contracts individually identifying in-scope contract pharmacy (this is for purposes of confirming compliance with diversion and duplicate discounting through contract pharmacy relationships). |

| Request Category | Request Area | Request Description |
|---|---|---|
| | | **Note:** Proprietary business-related information within the contract not related to the prevention of diversion and/or duplicate discounts may be redacted by CE. |
| **340B Data Universe**^ | Data universe | For the audit in-scope time period and NDC-11s, a listing of applicable drug orders or prescriptions (include all account types: Wholesale Acquisition Cost ("WAC"), Group Purchasing Order ("GPO") and 340B) for both hospital-based and contract pharmacy transactions in Excel format. The following data elements should be included:<br>• Unique identifying number – this is likely the prescription (Rx) number, but can be any number you assign that will allow tracking through your system to retrieve all information associated with the order<br>• The drug / product name / NDC<br>• The acquisition price<br>• The type of account the drug was purchased through and the associated 340B ID number<br>• The quantity issued<br>• The patient ID number (*e.g.*, Medical Record Number ("MRN"))<br>• The payer (All payers including Medicaid)<br>• The date of the order and date it was dispensed or administered<br>• The ordering provider<br>• The location / site drug was administered / ordered / prescribed<br>• Whether the drug was dispensed / or used, reversed, or returned to stock<br>• Any modifiers indicating use of 340B drugs, as applicable |
| **340B Data Universe** | Description of universe | A narrative describing the methodology by which the data was gathered, and any limitations or exclusions (*e.g.*, whether reversed transactions, or any other elements, were excluded or other drug orders or dispenses, were direct purchases included or other purchasing mechanisms). |
| **340B Data Universe** | NPI and MPN | Copy of the CE's Medicaid provider enrollment verification letters, including NPI, Medicaid ID number(s) or Provider Number for all entities, including out-of-state billing numbers |
| **340B Data Universe** | Prescriber file | A listing of all providers, employed and contracted with the CE, that include start dates and termination dates. |
| **340B Data Universe** | EHR departmental crosswalk | Full listing of Electronic Health Record ("EHR") department classifications including Department ID and Description. |
| **340B Software Documents** | Patient eligibility configuration settings | A report/screenshot of existing patient eligibility settings for hospital-based and retail/contract pharmacy transactions. |
| **340B Software Documents** | Split-billing software accumulator report | List of the most current accumulations of 340B and GPO drugs for each in-scope NDC-11 by accumulation repository. |
| **340B Software Documents** | CDM-NDC Crosswalk | Listing of each in-scope NDC-11 assigned to a specific Charge Data Master ("CDM") and applicable Billing Units Per Package ("BUPP"), as applicable |

| Request Category | Request Area | Request Description |
|---|---|---|
| **340B Software Documents** | Split-billing software adjustments | List of adjustments made in split-billing software that would impact in-scope drugs (*e.g.*, manual adjustments, updates to crosswalks and BUPPs, etc.) |
| **Drug Purchasing Documents** | Drug purchasing accounts | For the in-scope period a listing of all accounts used to purchase drugs for the parent and off-site outpatient facilities, which includes locations dispensing or distributing 340B drugs and a description of the applicable pricing (340B, GPO, WAC). This applies to wholesaler, direct purchases (made outside of the wholesaler), and any materials management accounts that are used to support 340B drug procurement. |
| **Drug Purchasing Documents** | Drug purchase history | For the in-scope period a listing of applicable wholesaler drug purchase orders, including price paid. This is for all account types including 340B, GPO and WAC. |
| **Drug Purchasing Documents** | Drugs purchased outside of wholesaler | For the in-scope period a report of applicable drugs purchased outside of wholesaler, including price paid. This is for all account types including 340B, GPO and WAC. |
| **Drug Purchasing Documents** | Perpetual Inventory | Report detailing the number of packages currently in stock by dispensing location / department for each in-scope NDC-11 used during the audit in-scope period. |
| **Drug Purchasing Documents** | Dispensing locations | A listing of all clinics and locations where health care services are provided to individuals for which the CE deems itself responsible for the health care services provided for purposes of meeting 340B eligibility.<br><br>Include indication of inventory model utilized at each location (*e.g.*, virtual inventory model vs physical inventory model) |
| **340B Samples**<br><br>**Note:** This would be part of a supplemental documentation and data request to be issued upon sample selection | Screenshots of Patient Medical Records | For selected hospital-based and contract pharmacy transactions samples provide screenshots from the EHR of the following:<br>• applicable drug dispense / administration supporting documentation, including (1) administered NDC-11 and quantity, (2) dispensing / administering provider, department, and time stamp<br>• inpatient admission order, as applicable<br>• outpatient prescriptions, including (1) ordering provider and department (2) written date (3) drug name, quantity, and applicable refills |

*Covered Entity is requested to provide documentation and data to auditors limiting the amount of protected health information ("PHI") and personally identifiable information ("PII") to that which is specifically requested (*e.g.*, prescription number, patient ID number). J&J respects Covered Entity's responsibility to protect patient confidentiality and proprietary information. Therefore, confidential patient information and / or proprietary information which auditors may access in the performance of an audit will not be disclosed to J&J.

# Deloitte.

Deloitte & Touche LLP
350 South Grand Avenue
Suite 200
Los Angeles, CA 90071-3462
USA

Tel: (213) 553-1642
Fax: (213) 673-6082
www.deloitte.com

June 20, 2024

Joe E Ness, SVP and Chief Operating Officer, and Authorizing Official [1]
Jennifer Zanon, Director Pharmacy Services; Regulatory Compliance, and Primary Contact[1]
Oregon Health Science Center University Hospital
3181 SW Sam Jackson Park Rd
Portland, OR 97239
340B ID: DSH380009
LETTER SENT VIA EMAIL: jness610@icloud.com and zanon@ohsu.edu

### *Re: 340B Performance Audit of Oregon Health Science Center University Hospital on behalf of Johnson & Johnson*

Dear Joe and Jennifer:

On June 19, 2024, the Health Resources and Services Administration ("HRSA") Office of Pharmacy Affairs ("OPA") approved Johnson & Johnson Health Care Systems Inc.'s ("J&J's") request to audit Oregon Health Science Center University Hospital ("OHSCUH"), based on the reasonable cause letter and audit work plan submitted to HRSA. J&J has engaged Deloitte and Touche LLP ("Deloitte & Touche") as an independent audit organization to conduct the audit ("340B Performance Audit").

Objective & Scope

The objective of the audit is to determine the OHSCUH's compliance with Section 340B(a)(5)(A) and (B) of the Public Health Service Act ("PHSA"), from March 01, 2023 – March 31, 2024 for the following J&J Products:

- STELARA 45 MG/0.5 ML ULTRASAFE PFS (57894-0060-03)
- STELARA 45 MG/VIAL 24 CT (57894-0060-02)
- STELARA 90 MG/1.0 ML ULTRASAFE PFS (57894-0061-03)
- STELARA IV 1X130MG VIAL USA (57894-0054-27)
- TREMFYA 1X100MG ONE PR. USA (57894-0640-11)
- TREMFYA 1X100MG USAFEPL USA (57894-0640-01)

The objectives of the approved 340B Performance Audit Work Plan are to:

- Gain an understanding of the OHSCUH's policies, procedures, operations and internal controls to mitigate the risk of product diversion.
- Obtain and assess various procurement, inventory, distribution, dispensing, replenishment, and billing records to determine whether the OHSCUH was and remains in compliance with section 340B(a)(5)(B) of the Public Health Service Act related to product diversion for the in-scope audit period.

---

[1] As noted on the Office of Pharmacy Affairs Information System ("OPAIS")

1

- Gain an understanding of the OHSCUH's operations and procedures to mitigate the risk of manufacturer duplicate discounts and impact of entity's decision to carve out or carve in Medicaid prescriptions and the related impact on inventory monitoring.
- Obtain and assess records for 340B and Medicaid activity, including purchasing, inventory, and dispense data to determine if the OHSCUH was in compliance with section 340B(a)(5)(A) of the Public Health Service Act related to non-provision of duplicate discounts for the in-scope audit period.
- Communicate results in a formal report.

Data and Documentation Request List ("DRL")

In order to facilitate the 340B Performance Audit we have prepared – and attached – an initial DRL, which lists the documentation necessary in order to execute our audit procedures. Please note that additional information may be requested based on our initial review of DRL items, following sample selection, and throughout the audit.

Any and all requested DRL items that are available and able to be provided before the start of our field work will expedite the 340B Performance Audit and may potentially decrease the number of days required from OHSCUH. Please provide the requested DRL items by July 5, 2024.

Fieldwork

Our fieldwork will be completed virtually and include interviews of OHSCUH's 340B stakeholders and walkthroughs of applicable 340B processes. We are targeting the fieldwork to begin the week of July 8, 2024 and are committed to limiting interruptions to OHSCUH's operations to the extent possible. Additionally, we have controls in place to ensure privacy requirements are upheld throughout the 340B Performance Audit.

Upon completing the 340B Performance Audit, Deloitte & Touche will prepare a draft audit report communicating the results to J&J. J&J will be responsible for submitting the draft audit report to OHSCUH, and OHSCUH will have an opportunity to provide a response to the report within 30 days of receipt. Upon receipt of the response from OHSCUH, Deloitte & Touche reserves the right to incorporate this response into the draft report, making any final updates, as needed. J&J will submit copies of the 340B Performance Audit report to HRSA and the Office of Inspector General.

Immediate Next Steps

We would like to schedule a call with you for the week of June 24, 2024 to identify the appropriate OHSCUH primary contact for the 340B Performance Audit, confirm your understanding of our DRL, answer any questions or concerns that you might have, and discuss timeline and logistics. Please contact me at mimada@deloitte.com at your earliest convenience to confirm receipt of audit notification and to schedule this call.

We look forward to working with you on the 340B Performance Audit and thank you in advance for your time and participation.

Sincerely,

Marcy Imada
Managing Director, Deloitte & Touche LLP

**Initial Documentation and Data Request List ("DRL")**

This is the initial documentation and data request list for the 340B Performance Audit. As fieldwork progresses and samples are selected, there may be supplemental documents and data requested. We ask that you provide all documents and data via Deloitte Connect, a secure and efficient platform, for managing our DRL. Following is a link to our user demo video: Deloitte Connect User Video

Please email Abel Haile at abhaile@deloitte.com with a list of contacts from your organization for whom access needs to be provided to Deloitte Connect. Once we receive this information, we will add each user to the Deloitte Connect page and an automated email will be sent, to each user, with instructions to create a username and password credentials. After completing the necessary steps, each user will be able to access Deloitte Connect and start using it for document/data provision. **Please provide the requested DRL items by July 5, 2024.**

| Request Category | Request Area | Request Description |
|---|---|---|
| **340B Program Overview** | Policies and Procedures<br><br>**Note:** Provide all versions of the policy that were effective within the audit period | Documentation related to existing 340B policies and procedures, including:<br>• Definition of "eligible site", process of determining what sites are eligible and list of 340B drug dispensing locations<br>• Definition of "eligible patient"<br>• Definition of "eligible provider" and medical staff relationships<br>• Mechanism to prevent diversion and duplicate discounts at CE, off-site facilities, and retail / contract pharmacy dispenses<br>• Medicaid billing requirements & carve-in / out status (by state)<br>• Process for ensuring that the 340B OPAIS record is up to date/accurate for the parent, applicable off-site outpatient facilities and contract pharmacies<br>• Process for procuring, distributing, and billing 340B drugs (including purchases made outside 340B software, borrow and loan processes, as applicable)<br>• Processes to manage 340B physical and / or virtual inventory (including applicable 340B software maintenance activities)<br>• Processes designed to prevent non-compliance with 340B Program requirements and guidelines, specifically as it relates to diversion and duplicate discount compliance (including monitoring activities utilized to detect non-compliance of diversion and duplicate discount)<br>• Processes to prevent the resale or transfer of drugs to a person that is not a patient of the CE (*i.e.*, diversion) and contract pharmacy processes to confirm the following:<br>　○ Patient eligibility (including status change)<br>　○ Site eligibility location<br>　○ Referral / responsibility of care remained with CE<br>　○ Medical / patient health record |

| Request Category | Request Area | Request Description |
|---|---|---|
| | |     o  Provider eligibility (relationship)<br>    o  Service in the scope of grant (if applicable/non-hospital)<br>    o  Documenting and accounting for wastage of a drug not administered<br>• When and how CE would self-disclose and CE's definition of noncompliance material breach<br>• CE's process for conducting oversight of its contract pharmacy(ies), including Internal audits and independent audits |
| 340B Personnel | 340B Personnel Names and Contact Information | Personnel involved in 340B activities, to participate in audit interviews and process walkthroughs including, but not limited to, the following (as applicable):<br>• Roles identified in 340B Enrollment (i.e., Authorizing Official, Primary Contact, Grant Manager, etc.)<br>• 340B Point of Contact (e.g., Pharmacy Director)<br>• Systems Owners (e.g., split-billing software)<br>• Individuals involved in patient intake/handling/processing, purchasing, dispensing, or billing of applicable drugs<br>• Individuals with relevant clinical and admissions responsibilities, for example:<br>• Hospital Admissions Personnel |
| 340B Oversight | Independent Audits and Corrective Action Plans ("CAP"), as applicable | If independent audit(s) are performed – to evaluate for 340B diversion and compliance with the prohibition of duplicate discounts – provide:<br>• documentation of the methodology applied<br>• any corrective action related to the NDC-11s and time period subject to this manufacturer audit. |
| 340B Oversight | Communications with State Medicaid Agencies | Communications with state Medicaid Agencies related to Medicaid billing, including potential duplicate discounts CAPs |
| 340B Oversight | Internal Monitoring Activities and CAPs, as applicable | If internal monitoring activities are performed - to evaluate for 340B diversion and compliance with the prohibition of duplicate discounts - provide:<br>• documentation of the methodology applied<br>• any corrective action related to the NDC-11s and time period subject to this manufacturer audit. |
| 340B Agreements | TPA Agreement | Current contract in place with 340B TPA (*i.e.*, software vendor used for 340B operations)<br><br>**Note:** Proprietary business-related information within the contract not related to the prevention of diversion and/or duplicate discounts may be redacted by CE. |
| 340B Agreements | Pharmacy Service Agreements ("PSA") | A listing of contract pharmacies utilized, and the current contracts individually identifying in-scope contract pharmacy (this is for purposes of confirming compliance with diversion and duplicate discounting through contract pharmacy relationships). |

2

| Request Category | Request Area | Request Description |
|---|---|---|
| | | **Note:** Proprietary business-related information within the contract not related to the prevention of diversion and/or duplicate discounts may be redacted by CE. |
| **340B Data Universe**^ | Data universe | For the audit in-scope time period and NDC-11s, a listing of applicable drug orders or prescriptions (include all account types: Wholesale Acquisition Cost ("WAC"), Group Purchasing Order ("GPO") and 340B) for both hospital-based and contract pharmacy transactions in Excel format. The following data elements should be included:<br>• Unique identifying number – this is likely the prescription (Rx) number, but can be any number you assign that will allow tracking through your system to retrieve all information associated with the order<br>• The drug / product name / NDC<br>• The acquisition price<br>• The type of account the drug was purchased through and the associated 340B ID number<br>• The quantity issued<br>• The patient ID number (*e.g.*, Medical Record Number ("MRN"))<br>• The payer (All payers including Medicaid)<br>• The date of the order and date it was dispensed or administered<br>• The ordering provider<br>• The location / site drug was administered / ordered / prescribed<br>• Whether the drug was dispensed / or used, reversed, or returned to stock<br>• Any modifiers indicating use of 340B drugs, as applicable |
| **340B Data Universe** | Description of universe | A narrative describing the methodology by which the data was gathered, and any limitations or exclusions (*e.g.*, whether reversed transactions, or any other elements, were excluded or other drug orders or dispenses, were direct purchases included or other purchasing mechanisms). |
| **340B Data Universe** | NPI and MPN | Copy of the CE's Medicaid provider enrollment verification letters, including NPI, Medicaid ID number(s) or Provider Number for all entities, including out-of-state billing numbers |
| **340B Data Universe** | Prescriber file | A listing of all providers, employed and contracted with the CE, that include start dates and termination dates. |
| **340B Data Universe** | EHR departmental crosswalk | Full listing of Electronic Health Record ("EHR") department classifications including Department ID and Description. |
| **340B Software Documents** | Patient eligibility configuration settings | A report/screenshot of existing patient eligibility settings for hospital-based and retail/contract pharmacy transactions. |
| **340B Software Documents** | Split-billing software accumulator report | List of the most current accumulations of 340B and GPO drugs for each in-scope NDC-11 by accumulation repository. |
| **340B Software Documents** | CDM-NDC Crosswalk | Listing of each in-scope NDC-11 assigned to a specific Charge Data Master ("CDM") and applicable Billing Units Per Package ("BUPP"), as applicable |

| Request Category | Request Area | Request Description |
|---|---|---|
| **340B Software Documents** | Split-billing software adjustments | List of adjustments made in split-billing software that would impact in-scope drugs (*e.g.*, manual adjustments, updates to crosswalks and BUPPs, etc.) |
| **Drug Purchasing Documents** | Drug purchasing accounts | For the in-scope period a listing of all accounts used to purchase drugs for the parent and off-site outpatient facilities, which includes locations dispensing or distributing 340B drugs and a description of the applicable pricing (340B, GPO, WAC). This applies to wholesaler, direct purchases (made outside of the wholesaler), and any materials management accounts that are used to support 340B drug procurement. |
| **Drug Purchasing Documents** | Drug purchase history | For the in-scope period a listing of applicable wholesaler drug purchase orders, including price paid. This is for all account types including 340B, GPO and WAC. |
| **Drug Purchasing Documents** | Drugs purchased outside of wholesaler | For the in-scope period a report of applicable drugs purchased outside of wholesaler, including price paid. This is for all account types including 340B, GPO and WAC. |
| **Drug Purchasing Documents** | Perpetual Inventory | Report detailing the number of packages currently in stock by dispensing location / department for each in-scope NDC-11 used during the audit in-scope period. |
| **Drug Purchasing Documents** | Dispensing locations | A listing of all clinics and locations where health care services are provided to individuals for which the CE deems itself responsible for the health care services provided for purposes of meeting 340B eligibility.<br><br>Include indication of inventory model utilized at each location (*e.g.*, virtual inventory model vs physical inventory model) |
| **340B Samples**<br><br>**Note:** This would be part of a supplemental documentation and data request to be issued upon sample selection | Screenshots of Patient Medical Records | For selected hospital-based and contract pharmacy transactions samples provide screenshots from the EHR of the following:<br>• applicable drug dispense / administration supporting documentation, including (1) administered NDC-11 and quantity, (2) dispensing / administering provider, department, and time stamp<br>• inpatient admission order, as applicable<br>• outpatient prescriptions, including (1) ordering provider and department (2) written date (3) drug name, quantity, and applicable refills |

*Covered Entity is requested to provide documentation and data to auditors limiting the amount of protected health information ("PHI") and personally identifiable information ("PII") to that which is specifically requested (*e.g.*, prescription number, patient ID number). J&J respects Covered Entity's responsibility to protect patient confidentiality and proprietary information. Therefore, confidential patient information and / or proprietary information which auditors may access in the performance of an audit will not be disclosed to J&J.

# Deloitte.

Deloitte & Touche LLP
350 South Grand Avenue
Suite 200
Los Angeles, CA 90071-3462
USA

Tel: (213) 553-1642
Fax: (213) 673-6082
www.deloitte.com

June 20, 2024

Carrie Fuller Spencer, Chief Financial Officer, Authorizing Official[1]
Katy Lees, Director 340B Policy and Business Strategy, Primary Contact[1]
Strong Memorial Hospital
601 Elmwood Avenue
Rochester, NY 14642
340B ID: DSH330285
LETTER SENT VIA EMAIL: carrie_fullerspencer@urmc.rochester.edu,
Katy_Lees@URMC.Rochester.edu

***Re: 340B Performance Audit of Strong Memorial Hospital on behalf of Johnson & Johnson***

Dear Carrie and Katy:

On June 19, 2024, the Health Resources and Services Administration ("HRSA") Office of Pharmacy Affairs ("OPA") approved Johnson & Johnson Health Care Systems Inc.'s ("J&J's") request to audit Strong Memorial Hospital ("SMH"), based on the reasonable cause letter and audit work plan submitted to HRSA. J&J has engaged Deloitte and Touche LLP ("Deloitte & Touche") as an independent audit organization to conduct the audit ("340B Performance Audit").

Objective & Scope

The objective of the audit is to determine the SMH's compliance with Section 340B(a)(5)(A) and (B) of the Public Health Service Act ("PHSA"), from March 01, 2023 – March 31, 2024 for the following J&J Products:

- STELARA 45 MG/0.5 ML ULTRASAFE PFS (57894-0060-03)
- STELARA 45 MG/VIAL 24 CT (57894-0060-02)
- STELARA 90 MG/1.0 ML ULTRASAFE PFS (57894-0061-03)
- STELARA IV 1X130MG VIAL USA (57894-0054-27)
- TREMFYA 1X100MG ONE PR. USA (57894-0640-11)
- TREMFYA 1X100MG USAFEPL USA (57894-0640-01)

The objectives of the approved 340B Performance Audit Work Plan are to:

- Gain an understanding of the SMH's policies, procedures, operations and internal controls to mitigate the risk of product diversion.
- Obtain and assess various procurement, inventory, distribution, dispensing, replenishment, and billing records to determine whether the SMH was and remains in compliance with section 340B(a)(5)(B) of the Public Health Service Act related to product diversion for the in-scope audit period.

---

[1] As noted on the Office of Pharmacy Affairs Information System ("OPAIS")

1

- Gain an understanding of the SMH's operations and procedures to mitigate the risk of manufacturer duplicate discounts and impact of entity's decision to carve out or carve in Medicaid prescriptions and the related impact on inventory monitoring.
- Obtain and assess records for 340B and Medicaid activity, including purchasing, inventory, and dispense data to determine if the SMH was in compliance with section 340B(a)(5)(A) of the Public Health Service Act related to non-provision of duplicate discounts for the in-scope audit period.
- Communicate results in a formal report.

Data and Documentation Request List ("DRL")

In order to facilitate the 340B Performance Audit we have prepared – and attached – an initial DRL, which lists the documentation necessary in order to execute our audit procedures. Please note that additional information may be requested based on our initial review of DRL items, following sample selection, and throughout the audit.

Any and all requested DRL items that are available and able to be provided before the start of our field work will expedite the 340B Performance Audit and may potentially decrease the number of days required from SMH. Please provide the requested DRL items by July 5, 2024.

Fieldwork

Our fieldwork will be completed virtually and include interviews of SMH's 340B stakeholders and walkthroughs of applicable 340B processes. We are targeting the fieldwork to begin the week of July 8, 2024 and are committed to limiting interruptions to SMH's operations to the extent possible. Additionally, we have controls in place to ensure privacy requirements are upheld throughout the 340B Performance Audit.

Upon completing the 340B Performance Audit, Deloitte & Touche will prepare a draft audit report communicating the results to J&J. J&J will be responsible for submitting the draft audit report to SMH, and SMH will have an opportunity to provide a response to the report within 30 days of receipt. Upon receipt of the response from SMH, Deloitte & Touche reserves the right to incorporate this response into the draft report, making any final updates, as needed. J&J will submit copies of the 340B Performance Audit report to HRSA and the Office of Inspector General.

Immediate Next Steps

We would like to schedule a call with you for the week of June 24, 2024 to identify the appropriate SMH point of contact for the 340B Performance Audit, confirm your understanding of our DRL, answer any questions or concerns that you might have, and discuss timeline and logistics. Please contact me at mimada@deloitte.com at your earliest convenience to confirm receipt of audit notification and to schedule this call.

We look forward to working with you on the 340B Performance Audit and thank you in advance for your time and participation.

Sincerely,

Marcy Imada

Marcy Imada
Managing Director, Deloitte & Touche LLP

**Initial Documentation and Data Request List ("DRL")**

This is the initial documentation and data request list for the 340B Performance Audit. As fieldwork progresses and samples are selected, there may be supplemental documents and data requested. We ask that you provide all documents and data via Deloitte Connect, a secure and efficient platform, for managing our DRL. Following is a link to our user demo video: Deloitte Connect User Video

Please email Abel Haile at abhaile@deloitte.com with a list of contacts from your organization for whom access needs to be provided to Deloitte Connect. Once we receive this information, we will add each user to the Deloitte Connect page and an automated email will be sent, to each user, with instructions to create a username and password credentials. After completing the necessary steps, each user will be able to access Deloitte Connect and start using it for document/data provision. **Please provide the requested DRL items by July 5, 2024.**

| Request Category | Request Area | Request Description |
|---|---|---|
| **340B Program Overview** | Policies and Procedures<br><br>**Note:** Provide all versions of the policy that were effective within the audit period | Documentation related to existing 340B policies and procedures, including:<br>• Definition of "eligible site", process of determining what sites are eligible and list of 340B drug dispensing locations<br>• Definition of "eligible patient"<br>• Definition of "eligible provider" and medical staff relationships<br>• Mechanism to prevent diversion and duplicate discounts at CE, off-site facilities, and retail / contract pharmacy dispenses<br>• Medicaid billing requirements & carve-in / out status (by state)<br>• Process for ensuring that the 340B OPAIS record is up to date/accurate for the parent, applicable off-site outpatient facilities and contract pharmacies<br>• Process for procuring, distributing, and billing 340B drugs (including purchases made outside 340B software, borrow and loan processes, as applicable)<br>• Processes to manage 340B physical and / or virtual inventory (including applicable 340B software maintenance activities)<br>• Processes designed to prevent non-compliance with 340B Program requirements and guidelines, specifically as it relates to diversion and duplicate discount compliance (including monitoring activities utilized to detect non-compliance of diversion and duplicate discount)<br>• Processes to prevent the resale or transfer of drugs to a person that is not a patient of the CE (*i.e.*, diversion) and contract pharmacy processes to confirm the following:<br>    ○ Patient eligibility (including status change)<br>    ○ Site eligibility location<br>    ○ Referral / responsibility of care remained with CE<br>    ○ Medical / patient health record |

| Request Category | Request Area | Request Description |
|---|---|---|
| | | <ul><li>Provider eligibility (relationship)</li><li>Service in the scope of grant (if applicable/non-hospital)</li><li>Documenting and accounting for wastage of a drug not administered</li></ul><br>• When and how CE would self-disclose and CE's definition of noncompliance material breach<br>• CE's process for conducting oversight of its contract pharmacy(ies), including Internal audits and independent audits |
| 340B Personnel | 340B Personnel Names and Contact Information | Personnel involved in 340B activities, to participate in audit interviews and process walkthroughs including, but not limited to, the following (as applicable):<br>• Roles identified in 340B Enrollment (i.e., Authorizing Official, Primary Contact, Grant Manager, etc.)<br>• 340B Point of Contact (e.g., Pharmacy Director)<br>• Systems Owners (e.g., split-billing software)<br>• Individuals involved in patient intake/handling/processing, purchasing, dispensing, or billing of applicable drugs<br>• Individuals with relevant clinical and admissions responsibilities, for example:<br>• Hospital Admissions Personnel |
| 340B Oversight | Independent Audits and Corrective Action Plans ("CAP"), as applicable | If independent audit(s) are performed – to evaluate for 340B diversion and compliance with the prohibition of duplicate discounts – provide:<br>• documentation of the methodology applied<br>• any corrective action related to the NDC-11s and time period subject to this manufacturer audit. |
| 340B Oversight | Communications with State Medicaid Agencies | Communications with state Medicaid Agencies related to Medicaid billing, including potential duplicate discounts CAPs |
| 340B Oversight | Internal Monitoring Activities and CAPs, as applicable | If internal monitoring activities are performed - to evaluate for 340B diversion and compliance with the prohibition of duplicate discounts - provide:<br>• documentation of the methodology applied<br>• any corrective action related to the NDC-11s and time period subject to this manufacturer audit. |
| 340B Agreements | TPA Agreement | Current contract in place with 340B TPA (i.e., software vendor used for 340B operations)<br><br>**Note:** Proprietary business-related information within the contract not related to the prevention of diversion and/or duplicate discounts may be redacted by CE. |
| 340B Agreements | Pharmacy Service Agreements ("PSA") | A listing of contract pharmacies utilized, and the current contracts individually identifying in-scope contract pharmacy (this is for purposes of confirming compliance with diversion and duplicate discounting through contract pharmacy relationships). |

| Request Category | Request Area | Request Description |
|---|---|---|
| | | **Note:** Proprietary business-related information within the contract not related to the prevention of diversion and/or duplicate discounts may be redacted by CE. |
| **340B Data Universe**[*] | Data universe | For the audit in-scope time period and NDC-11s, a listing of applicable drug orders or prescriptions (include all account types: Wholesale Acquisition Cost ("WAC"), Group Purchasing Order ("GPO") and 340B) for both hospital-based and contract pharmacy transactions in Excel format. The following data elements should be included:<br>• Unique identifying number – this is likely the prescription (Rx) number, but can be any number you assign that will allow tracking through your system to retrieve all information associated with the order<br>• The drug / product name / NDC<br>• The acquisition price<br>• The type of account the drug was purchased through and the associated 340B ID number<br>• The quantity issued<br>• The patient ID number (*e.g.*, Medical Record Number ("MRN"))<br>• The payer (All payers including Medicaid)<br>• The date of the order and date it was dispensed or administered<br>• The ordering provider<br>• The location / site drug was administered / ordered / prescribed<br>• Whether the drug was dispensed / or used, reversed, or returned to stock<br>• Any modifiers indicating use of 340B drugs, as applicable |
| **340B Data Universe** | Description of universe | A narrative describing the methodology by which the data was gathered, and any limitations or exclusions (*e.g.*, whether reversed transactions, or any other elements, were excluded or other drug orders or dispenses, were direct purchases included or other purchasing mechanisms). |
| **340B Data Universe** | NPI and MPN | Copy of the CE's Medicaid provider enrollment verification letters, including NPI, Medicaid ID number(s) or Provider Number for all entities, including out-of-state billing numbers |
| **340B Data Universe** | Prescriber file | A listing of all providers, employed and contracted with the CE, that include start dates and termination dates. |
| **340B Data Universe** | EHR departmental crosswalk | Full listing of Electronic Health Record ("EHR") department classifications including Department ID and Description. |
| **340B Software Documents** | Patient eligibility configuration settings | A report/screenshot of existing patient eligibility settings for hospital-based and retail/contract pharmacy transactions. |
| **340B Software Documents** | Split-billing software accumulator report | List of the most current accumulations of 340B and GPO drugs for each in-scope NDC-11 by accumulation repository. |
| **340B Software Documents** | CDM-NDC Crosswalk | Listing of each in-scope NDC-11 assigned to a specific Charge Data Master ("CDM") and applicable Billing Units Per Package ("BUPP"), as applicable |

| Request Category | Request Area | Request Description |
|---|---|---|
| **340B Software Documents** | Split-billing software adjustments | List of adjustments made in split-billing software that would impact in-scope drugs (*e.g.*, manual adjustments, updates to crosswalks and BUPPs, etc.) |
| **Drug Purchasing Documents** | Drug purchasing accounts | For the in-scope period a listing of all accounts used to purchase drugs for the parent and off-site outpatient facilities, which includes locations dispensing or distributing 340B drugs and a description of the applicable pricing (340B, GPO, WAC). This applies to wholesaler, direct purchases (made outside of the wholesaler), and any materials management accounts that are used to support 340B drug procurement. |
| **Drug Purchasing Documents** | Drug purchase history | For the in-scope period a listing of applicable wholesaler drug purchase orders, including price paid. This is for all account types including 340B, GPO and WAC. |
| **Drug Purchasing Documents** | Drugs purchased outside of wholesaler | For the in-scope period a report of applicable drugs purchased outside of wholesaler, including price paid. This is for all account types including 340B, GPO and WAC. |
| **Drug Purchasing Documents** | Perpetual Inventory | Report detailing the number of packages currently in stock by dispensing location / department for each in-scope NDC-11 used during the audit in-scope period. |
| **Drug Purchasing Documents** | Dispensing locations | A listing of all clinics and locations where health care services are provided to individuals for which the CE deems itself responsible for the health care services provided for purposes of meeting 340B eligibility.<br><br>Include indication of inventory model utilized at each location (*e.g.*, virtual inventory model vs physical inventory model) |
| **340B Samples**<br><br>**Note:** This would be part of a supplemental documentation and data request to be issued upon sample selection | Screenshots of Patient Medical Records | For selected hospital-based and contract pharmacy transactions samples provide screenshots from the EHR of the following:<br>• applicable drug dispense / administration supporting documentation, including (1) administered NDC-11 and quantity, (2) dispensing / administering provider, department, and time stamp<br>• inpatient admission order, as applicable<br>• outpatient prescriptions, including (1) ordering provider and department (2) written date (3) drug name, quantity, and applicable refills |

*Covered Entity is requested to provide documentation and data to auditors limiting the amount of protected health information ("PHI") and personally identifiable information ("PII") to that which is specifically requested (*e.g.*, prescription number, patient ID number). J&J respects Covered Entity's responsibility to protect patient confidentiality and proprietary information. Therefore, confidential patient information and / or proprietary information which auditors may access in the performance of an audit will not be disclosed to J&J.